I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 02/20/14

DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT
FEB 20 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JERRY L. SORRELS,

    Petitioner,

vs.

W.L. MUNIZ, Warden,

    Respondent.

) Case No. CV 14-1127-PSG (JPR)
)
) ORDER TO SHOW CAUSE
)

On February 13, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder. The Petition raises five claims, including ground five, which asserts that the trial judge violated due process by allowing three jurors to stay on the panel even after they complained that members of Petitioner's family had taken photographs of them.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state

court.[1]  Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 133 S. Ct. 424 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987); Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

Petitioner acknowledges that ground five has never been presented to the California Supreme Court (Pet. at 7 (stating that he raised it in habeas petition to California Court of Appeal and it was denied as "repetitious and untimely"));[2] in contrast, he asserts that all other grounds have been exhausted in a Petition for Review before the California Supreme Court (id. at 5-6). Ground five therefore is unexhausted, and his inclusion

---

[1] A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

[2] The Court's review of the California Appellate Courts' Case Information website confirms that Petitioner has never filed a habeas petition in the California Supreme Court.

of that claim renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 522.

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust an unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) the petitioner must show good cause for his failure to earlier exhaust the claim in state court, (2) the unexhausted claim must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

Petitioner acknowledges that ground five is unexhausted but does not explain why he did not earlier raise the claim, which was obviously known to him at the time of trial, in state court. Thus, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements.

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner shall do one of the following: (1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines; (2) voluntarily dismiss the Petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1); (3) voluntarily dismiss ground five of the Petition and elect either to proceed on the exhausted claims or seek a stay of the fully exhausted

3

Petition pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), <u>overruling on other grounds recognized by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claim back into the Petition only if the claim is timely or "relates back" to the original claims; or (4) show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

Plaintiff is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: February 20, 2014

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE